**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 06-4965**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RONALDO ALBERTO CRUZ-OCHOA, a/k/a Ronaldo
Lopez-Cruz, a/k/a Ronaldo Cruz, a/k/a Antonio
Lopez, a/k/a Antonio Guadalupe Cruz-Perez,
a/k/a Ronald Cruz-Ochoa, a/k/a Orlando Roberto
Cruz-Ochoa,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Western
District of North Carolina, at Charlotte.  Robert J. Conrad, Jr.,
Chief District Judge.  (3:05-cr-00279)

―――――――――

Submitted:  April 11, 2007          Decided:  May 11, 2007

―――――――――

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

―――――――――

Affirmed by unpublished per curiam opinion.

―――――――――

Eric A. Bach, Charlotte, North Carolina, for Appellant.  Gretchen
C. F. Shappert, United States Attorney, Thomas T. Cullen, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ronaldo Cruz-Ochoa, a citizen of El Salvador, pled guilty to unlawful reentry after deportation for an aggravated felony in violation of 8 U.S.C. § 1326(a), (b)(2) (2000). The district court sentenced Cruz-Ochoa to fifty-seven months' imprisonment. On appeal, Cruz-Ochoa argues the district court erred in failing to impose a variance sentence pursuant to 18 U.S.C. § 3553(a) (West 2000 & Supp. 2006). For the following reasons, we affirm.

After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. However, in imposing a sentence post-Booker, courts still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and § 3553(a). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This court will affirm a post-Booker sentence if it "is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

Cruz-Ochoa submits that he offered substantial evidence of rehabilitation following his convictions that enhanced his criminal history category, and that his sentence is longer than

necessary to comply with the factors set forth in 18 U.S.C.A. § 3553(a). However, Cruz-Ochoa's sentence was within the guideline range of fifty-seven to seventy-one months and well within the twenty-year statutory maximum set forth in 8 U.S.C. § 1326 (b)(2). Because the district court appropriately treated the guidelines as advisory, and properly calculated and considered the guideline range and the relevant § 3553(a) factors, in light of Cruz-Ochoa's mitigation arguments, we find the sentence reasonable. See United States v. Green, 436 F.3d 449 (4th Cir.) (holding that a sentence within the properly calculated guidelines range is presumptively reasonable), cert. denied, 126 S. Ct. 2309 (2006).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED